LAW OFFICES OF MITCHELL S. SEGAL, P.C.

| | |
|---|---|
| 1010 NORTHERN BOULEVARD | N.Y.C. Office |
| SUITE 208 | 137 Fifth Avenue, 9th Floor |
| GREAT NECK, NEW YORK 11021 | New York, N.Y. 10010 |
| Ph: (516) 415-0100 | Ph: (212) 388-9444 |
| Fx: (516) 706-6631 | |

Via ECF Filing

Honorable Kiyo A. Matsumoto          May 28, 2020
U.S. District Court – EDNY
225 Cadman Plaza East, Room S905
Brooklyn, New York 11201

    Re:  *Kenneth Chavez, on behalf of himself and all others similarly situated v.*
         *PSA Realty Corp. d/b/a La Quinta Inn Queens*
         *Case No.:  1:20-cv-01131-KAM-JO*

Dear Judge Kiyo A. Matsumoto:

    Pursuant to your Honor's Individual Rules and Order dated May 26, 2020, please allow this correspondence to serve as the Plaintiff Kenneth Chavez's opposition response to a request for a pre-motion conference to dismiss the Plaintiff's complaint under Federal Rules of Civil Procedure ("FRCP") 12(b)(1).

    Subject matter jurisdiction exists if based on the pleadings and supporting affidavits, the plaintiff makes a prima facie showing that subject matter jurisdiction exists. *Robinson v. Overseas Military Sales Corp.*, 21 F 3d 502, 507 (2d Cir. 1994).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter…to 'state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  Plaintiff, Kenneth Chavez's complaint accomplishes this.  "The Court must accept as true all well pleaded factual allegations in the complaint and draw all inferences in the plaintiff's favor." *Goonan v. Fed. Reserve Bank of N.Y.*, 916 F. Supp. 2d 470, 478 (S.D.N.Y. 2013).

    In order to state a claim under Title III of the American with Disabilities Act ("ADA") a Plaintiff must allege that (1) he is disabled within the meaning of the ADA, (2) the defendant owns, leases or operates a place of public accommodation, and (3) the defendant discriminates against him by denying him a full and equal opportunity to access the website. See *Camarillo v. Carrols Corp.,* 518 F.3d 153, 156 (2d. Cir. 2008).  The Plaintiff has satisfied these requirements.  The Plaintiff is disabled within the meaning of the ADA.  (Compl.¶ 1, ¶10)  The Defendant owns, leases or operates a place of public accommodation.  (Compl. ¶11, ¶14, ¶36).  The Defendant discriminates against the Plaintiff by denying him a full and equal opportunity to access the Defendant's website.  (Compl. ¶37 - ¶49).

The Plaintiff has already suffered an "injury in fact" of discrimination which is clearly set out in the Plaintiff's complaint. See (Compl. ¶37 - ¶49).  Plaintiffs "real and immediate threat" of repeated injury is clear as the Defendant still and continually discriminates against the Plaintiff as its website is non-compliant with the ADA and is inaccessible to the Plaintiff and the Class.  Where a Plaintiff "(1) alleges past injury under the ADA, (2) shows that it is reasonable to infer from his or her complaint that the discriminatory treatment will continue, and (3) shows that it is is reasonable to infer that he or she intend[s] to return to the [public accommodation], the Second Circuit has found that the Plaintiff has standing."  *Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2d Cir. 2013) (Summary Order) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-188 (2d Cir. 2013).

The Defendant has accessibility barriers on its Website.  That is discrimination under the ADA, the New York State Human Rights Law, the New York Civil Rights Law and the New York City Human Rights Law.  As such, the Plaintiff's request for a pre-motion conference should be denied in its entirety.  Pursuant to IV.C.1(b) of Your Honor's Individual Rules, I believe the briefing schedule provided by the Defendant is premature.  I thank this honorable Court for its review of this response.

                                           Respectfully submitted,

                                           /s/ Mitchell Segal
                                           _____
                                             Mitchell Segal

By ECF
Cc:  All counsel of record